# C. C. WHITNACK, DOING BUSINESS AS WHITNACK PRODUCE COMPANY v. TWIN VALLEY PRODUCE COMPANY.[1]

April 1, 1921.

No. 22,146.

**Compromise and settlement—evidence.**

1. The finding of the jury that the claim in controversy had been compromised and settled is sustained by the evidence.

[1] Reported in 182 N. W. 444.

**Statute of frauds inapplicable.**

  2. The settlement, if made, was an executed contract to which the statute of frauds does not apply.

**Charge to jury.**

  3. An instruction "that if you find that Mr. Van Landingham, as plaintiff's agent, agreed to a settlement," plaintiff is bound thereby, is not reversible error under the facts as disclosed by the record.

Action in the district court for Norman county to recover $1,993.09 for breach of contract. The case was tried before Grindeland, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Brattland & McLaughlin*, for appellant.

*O. J. Ostensoe* and *Christian G. Dosland*, for respondent.

TAYLOR, C.

In November, 1919, defendant agreed to sell to plaintiff and to deliver f. o. b. cars at Twin Valley, Minnesota, two carloads of potatoes at $2.55 per hundred pounds. Defendant delivered one carload, but refused to deliver the other, and, the price of potatoes having advanced, plaintiff brought this suit for damages for breach of the contract. Defendant interposed as a defense that at or about the time of making the potato contract plaintiff sold a carload of apples to defendant for cash, representing that the car contained 690 bushels of apples, and that they were all of the same quality as those at the top and doors of the car; that in fact the car contained only 590 bushels; that all except those at the top and doors of the car were inferior in quality; that defendant refused to deliver the second carload of potatoes until its claim on account of the apples had been adjusted, and that plaintiff and defendant had made a compromise and settlement by which, in consideration of defendant's releasing and satisfying all claims on account of the apple transaction, plaintiff had satisfied and released all claims arising out of defendant's failure to deliver the second carload of potatoes. The jury found that this compromise and settlement had been made and plaintiff appeals from an order denying a new trial.

The evidence as to the settlement, while conflicting, is sufficient to sus-

tain the verdict. Mr. Bakke, defendant's manager, testified to it positively and in detail.

Plaintiff contends that the settlement was void under the statute of frauds because not in writing. The settlement, if made, was an executed contract to which the statute of frauds does not apply. 3 Dunnell, Minn. Dig. § 8852.

Plaintiff contends that the court erred in instructing the jury:

"Under the evidence in the case the court instructs you that if you find, that Mr. Van Landingham, as plaintiff's agent, agreed to a settlement February 3, 1920, then the plaintiff is bound thereby."

Plaintiff insists that this instruction assumed that Van Landingham had authority to make the settlement and that the evidence did not warrant such an assumption.

Plaintiff's place of business is at Lincoln, Nebraska; defendant's at Twin Valley in Norman county in this state, a short distance from Ada, the county seat. It is conceded that Mr. Van Landingham was plaintiff's agent to purchase potatoes and sell apples in the Red River valley; that as such agent he sold the apples in controversy and made the contract for the purchase of the potatoes in controversy; that defendant wrote plaintiff concerning the shortage in apples; that plaintiff replied and closed his reply with the statement: "Mr. Van Landingham is now located at Ada, Minnesota, and we are sending him a carbon copy of this letter with a request that he take the matter up directly with you," and that on February 3, 1920, the date on which defendant claims to have made the settlement, Van Landingham went to Twin Valley and had an interview with Mr. Bakke, defendant's manager. Both testified fully as to what took place between them at this interview without any objection by either side. Bakke asserted that the settlement was made; Van Landingham asserted that it was not. This was the principal issue at the trial. Plaintiff made no request for instructions and made no objection to the instructions given at the time they were given. If he desired to have the question of Van Landingham's authority to make the settlement submitted to the jury in more explicit terms, we think he should have presented a request covering the matter, or should have called the court's attention to it at the trial.

We find no other questions requiring special mention.

Order affirmed.